J-A09044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREE DOCKERY | : | |
| | : | |
| Appellant | : | No. 1229 EDA 2021 |

Appeal from the PCRA Order Entered March 11, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004934-2012

BEFORE: NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED APRIL 13, 2022**

Tyree Dockery (Dockery) appeals from the order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his second petition for relief under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After review, we quash his appeal as premature.

Because of our disposition, we need not give a full summary of the facts. In 2014, Dockery was sentenced to 22½ to 45 years' imprisonment after a jury found him guilty of third-degree murder and related offenses. On direct appeal, we affirmed the judgment of sentence and our Supreme Court denied allowance of appeal. *See Commonwealth v. Dockery*, 116 A.3d 678 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 114 A.3d 1038 (Pa.

---

[*] Retired Senior Judge assigned to the Superior Court.

2015). In 2016, Dockery filed his first PCRA petition. The PCRA court eventually dismissed his petition and we affirmed on appeal. **See Commonwealth v. Dockery**, 188 A.3d 580 (Pa. Super. 2018) (unpublished memorandum).

On January 13, 2021, Dockery filed this, his second, PCRA petition. Just over two weeks later, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. After Dockery timely responded, the PCRA court formally dismissed the petition on March 11, 2021. Dockery did not file a timely notice of appeal, but instead filed a concise statement of errors complained of on appeal under Pa.R.A.P. 1925 on April 6, 2021. Upon being notified of the error, Dockery filed a subsequent PCRA petition on June 2, 2021, requesting that he be granted leave to file a notice of appeal *nunc pro tunc*. On June 9, 2021, the PCRA court entered an order reinstating Dockery's appellate rights *nunc pro tunc* leading to this appeal.[1]

After reviewing the record, we find that this appeal should be quashed due to the lack of a final, appealable order. With one exception inapplicable here, "no order of a court shall be appealable until it has been entered upon

_____

[1] On August 12, 2021, we issued a rule to show cause why this appeal should not be quashed as untimely. Dockery responded on August 30, 2021, but failed to address why his notice of appeal was filed over 30 days after the dismissal of his PCRA petition. On September 3, 2021, we entered an order informing the parties that the issue will be referred to this merits panel. Neither party addresses the issue in their respective briefs.

the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). A criminal order is properly entered upon the docket by indication thereon of "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2). The 30-day time period for appealing from a criminal order other than a judgment of sentence begins to run on the day that the order is served on the parties by the clerk of courts. *See* Pa.R.A.P. 108(a)(1), (d).

The PCRA court's March 11, 2021 "Order Dismissing PCRA Petition" has not yet been properly entered on the docket. First, the docket entry contains no indication that it was served on Dockery as required by Rule of Criminal Procedure 907(4), which provides:

> (4) When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4).

Second, the docket entry contains no indication of the date on which service was made in accordance with Pa.R.Crim.P. 114(C)(2)(c). Because that information is missing from the docket entry, the PCRA court's order dismissing Dockery's petition has yet to be properly entered, thus making this appeal premature. *See Commonwealth v. Spearman*, 700 EDA 2019 (Pa. Super. filed March 5, 2020) (unpublished memorandum) (quashing appeal as

interlocutory without a final appealable order because the clerk of courts failed to properly docket the order reinstating in the appellant's direct appeal rights *nunc pro tunc*); **see also Commonwealth v. Wongus**, 2183 EDA 2018 (Pa. Super. filed February 13, 2020) (unpublished memorandum) (quashing appeal as interlocutory because clerk of courts failed to properly docket the order dismissing the PCRA petition).[2]

Consequently, we quash this appeal as premature. After the clerk of courts notes service of the order dismissing the second PCRA petition on the docket as required by Rule 114(C), Dockery will have 30 days from the date of service to timely file a notice of appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2022

---

[2] Under Pennsylvania Rule of Appellate Procedure 126(b), nonprecedential decisions (referring to unpublished memorandum decisions of the Superior Court) filed after May 1, 2019, may be cited for their persuasive value.